# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| SOPHIA J. INGRAM-SINGLETARY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:14-CV-01680 -ELR |
| | * | |
| CITIMORTGAGE, INC., | * | |
| et al. | * | |
| | * | |
| | * | |
| Defendants. | * | |

_____

# **O R D E R**
_____

This matter is before the Court on several motions. On May 2, 2014, Plaintiff Sophia J. Ingram-Singletary commenced a civil action in the Superior Court of Henry County against several defendants. No actual complaint was filed, but Plaintiff did file a "Verified Application and Motion for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction" seeking to enjoin a foreclosure of residential real property (Doc. No. 1-1). Defendants removed the action to this Court on June 2, 2014, and subsequently filed a Motion to Dismiss (Doc. No. 3). On August, 12, 2014, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. No. 6). Defendants oppose this motion (Doc. No. 9).

On May 7, 2015, Plaintiff filed two related motions. Plaintiff filed a Motion for a Temporary Restraining Order (Doc. No. 12). Plaintiff then filed a Motion for Preliminary Injunction and Permanent Injunction (Doc. No. 13). On May 7, 2015, the Court directed Defendants to file a response to Plaintiff's Motions by May 14, 2015. Defendants failed to file a response.

For the reasons discussed below, Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 12) and Plaintiff's Motion for Preliminary Injunction and Permanent Injunction (Doc. No. 13) are **DENIED**. Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 6) is **GRANTED**, and consequently, Defendants' Motion to Dismiss is **DENIED** as **MOOT**.

**I.     Plaintiff's Motion for a Temporary Restraining Order and Motion for a Preliminary and Permanent Injunction**

Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 12) and Motion for Preliminary Injunction and Permanent Injunction (Doc. No. 13) (collectively, "Plaintiff's Motions") are identical motions in all but title. Both of Plaintiff's Motions request the Court to enter an order "against CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc., as nominee for First City Mortgage, Inc., Shuping, Morse & Ross, LLP and purported creditors for Loan Number 20022671777 related to the real property consisting of Plaintiff's home . . . , enjoining the auction, foreclosure, and the sale of Plaintiff's home residence . . . that was scheduled for sale May 6, 2014 and any future dates" (Doc. No. 12 at 1; Doc. No. 13 at 1). Plaintiff's motion alleges the following: (1) Defendants violated

2

the notice provision of O.C.G.A. § 44-14-162(b); (2) Defendants are liable for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(j) because Defendants had no real authority in the debt collection; and (3) Defendants violated the Truth in Lending Act, 15 U.S.C. § 1641.

It is well established in this Circuit that a temporary restraining order is an "extraordinary and drastic remedy[.]" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). Further, a plaintiff seeking a temporary restraining order must demonstrate that: (1) there is a substantial likelihood of success on the merits; (2) he will suffer irreparable injury if relief is not granted; (3) the threatened injury outweighs any harm the requested relief would inflict on the non-moving party; and (4) entry of relief would serve the public interest. E.g., KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006). Plaintiff has the same burden in obtaining a preliminary injunction. Haitian Refugee Ctr., Inc. v. Baker, 949 F.2d 1109, 1110 (11th Cir. 1991). The decision as to whether a plaintiff carried this burden "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc., 303 F.3d 1242, 1246 (11th Cir. 2002) (quoting Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002)) (internal quotation marks omitted).

As a preliminary matter, the Court notes Defendants have failed to follow an order of this Court. Defendants were directed to respond to Plaintiff's Motions by

3

May 14, 2015; it appears Defendants ignored this Court's order. The Court could, therefore, consider Plaintiff's Motions unopposed. See Local Rule 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). Because the relief Plaintiff seeks is an extraordinary remedy, however, the Court will consider the merits of Plaintiff's Motions.

Here, Plaintiff has failed to make a sufficient showing such that the issuance of a temporary restraining order or preliminary injunction would be appropriate. More specifically, Plaintiff has not established that she has a substantial likelihood of success on the merits. Plaintiff's Motions contain very little facts, and they set forth a series of legal conclusions regarding Defendants' liability. The Court cannot determine the conduct of Defendants that may be in violation of the law. Consequently, at this stage, the Court cannot decide Plaintiff has a substantial likelihood of success on the merits.

Additionally, Plaintiff fails to make a showing of irreparable harm. Although Plaintiff states Court intervention is necessary to prevent a sale on May 6, 2014, Plaintiff did not file her motion until May 7, 2015. It does not appear to the Court that Plaintiff is at imminent risk of losing her home. Additionally, on August 12, 2014, Plaintiff stated to this Court that her home has already been sold. See Doc. No. 6 at 4 ("[Plaintiff's] home has now been sold, albeit in error. The injunctive relief she sought in the initial filing is no longer available to her, as she have [sic] already been wrongfully stripped of her property."]. Because Plaintiff's

Motions do not show a foreclosure action is currently pending, Plaintiff has not shown she will suffer irreparable harm. Based on these failures, Plaintiff's Motions are **DENIED**.

## II. Plaintiff's Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff moves this Court for leave to file an Amended Complaint. Plaintiff states the Amended Complaint "maintains in part, the state and federal counts and allegations against the same defendants from the original complaint, but accounts for the significant factual developments that have occurred since the original complaint was filed" (Doc. No. 6 at 1).

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The rule clearly requires the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires. This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

<u>Shipner v. E. Air Lines, Inc.</u>, 868 F.2d 401, 406-07 (11th Cir. 1989) (internal quotations and citations omitted).

Acknowledging the liberal standard governing the issue, Defendants nevertheless oppose the grant of leave because Plaintiff's Amended Complaint raises factual allegations and claims that were present when the original Complaint was filed which will prejudice Defendants. Defendants' only identified prejudice is that it will incur additional costs to address the new claims presented in the Amended Complaint. This, however, is not undue prejudice that would overcome the liberal policy favoring granting leave to amend. The Court finds Plaintiff must be allowed to amend her Complaint. Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

### III. Defendants' Motion to Dismiss

Because an amended complaint supersedes the original complaint, "motions directed at the superseded pleading generally are to be denied as moot." New York Life Ins. Co. v. Grant, No. 5:14-CV-101(MTT), 2014 WL 5465858 at *3 (M.D. Ga. Oct. 28, 2014). Accordingly, Defendants' Motion to Dismiss the original Complaint is **DENIED** as **MOOT**.

### IV. Conclusion

Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 12) and Plaintiff's Motion for Preliminary Injunction and Permanent Injunction (Doc. No. 13) are **DENIED**. Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 6) is **GRANTED**, and consequently, Defendants' Motion to Dismiss (Doc.

6

No. 3) is **DENIED** as **MOOT**.  Additionally, the Clerk is **DIRECTED** to refer this case to a magistrate judge pursuant to Standing Order 14-01.

**SO ORDERED**, this 21st day of May, 2015.

_Eleanor L. Ross_
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE